# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\*\*\*

ROBERT MICHAEL JARAB,

Petitioner,

v.

SECOND JUDICIAL DISTRICT FOR THE COUNTY OF WASHOE, *et al.*,

Respondents.

Case No. 3:26-cv-00102-MMD-CLB

ORDER

Petitioner Robert Michael Jarab commenced this habeas action by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1 ("Petition")) and a Motion for Appointment of Counsel (ECF No. 4 ("Motion")). This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases.[1]

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Jarab, awaiting retrial, asserts that the retrial will violate his Fifth and Fourteenth Amendment rights against double jeopardy. Jarab is charged with open murder and domestic battery by strangulation. In July 2025, on the second day of trial, following jury selection, the State moved for a mistrial based on the death of the prosecutor's father.

---

[1]All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

Jarab objected to the request for mistrial. The state district court granted the State's request for mistrial.

On September 12, 2025, Jarab filed an emergency petition for writ of prohibition, or in the alternative, writ of mandamus. On January 15, 2026, the Nevada Supreme Court issued an order denying Jarab's petition. The state district court reset jury trial for February 2026. On February 11, 2026, Hernandez initiated the instant federal habeas matter. (ECF No. 1.)

In addition, Jarab requests the appointment of counsel. (ECF No. 4.) There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *See Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)). However, an indigent petitioner may request appointed counsel to pursue that relief. *See* 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointment of counsel "when the interests of justice so require"). But counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he or she is incapable of fairly presenting his or her claims. *See La Mere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980). The Court finds that appointment of counsel in this case is in the interests of justice. The Petition may raise relatively complex issues and it is unclear whether he will be able to adequately articulate his claims in proper person with the resources available to him.

It is therefore ordered that the Motion is granted. (ECF No. 4.) Theresa A. Ristenpart is appointed as counsel for petitioner pursuant to 18 U.S.C. § 3006A(a)(2)(B) & (c). Counsel will represent petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

It is further ordered that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal

limitation period and timely presenting claims. That is, by setting a deadline to amend the Petition and/or by granting any extension thereof, the Court makes no finding or representation that the Petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

It is further ordered that the Clerk of Court is kindly directed to add Nevada Attorney General ("AG") Aaron D. Ford as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from Respondents until further order of the Court.

It is further ordered that the Clerk of Court is further directed to send a copy of this order to the Federal Public Defender and the CJA Coordinator for this division.

It is further ordered that Respondents will have 30 days from the date on which the petition is served upon them to appear in this action, and to answer or otherwise respond to the petition. If Respondents file an answer, Petitioner will have 30 days to file a reply to the answer. If any motion is filed, the parties will brief the motion in accordance with LR 7-2 and 7-3 of the Local Rules of Practice.

It is further ordered that any procedural defenses raised by Respondents in this case must be raised together in a single consolidated motion to dismiss. Respondents may not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss not in the answer; and (b) they will specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). All procedural defenses, including exhaustion, must be raised by motion to dismiss.

It is further ordered that all state court records and related exhibits must be filed in accordance with LR IA 10-3, LR IC 2-2, and LSR 3-3, and include a separate index identifying each additional exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10). Each exhibit will then be filed as "attachments" to the base document—the index—to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A).

It is further ordered that, notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits—for this case—*need not* be provided to chambers or to the staff attorney, unless later directed by the court.

DATED THIS 16th Day of March, 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE